UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KATHY J. MORRIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-077 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 7 and 8] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 11 and 12]. Plaintiff Kathy J. Morris ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On March 25, 2004, Plaintiff filed a Title II application for a period of disability and disability insurance benefits along with a Title XVI application for supplemental security income. [Tr. 15]. The Plaintiff alleged disability beginning October 2, 2003. After her application was denied initially and also denied upon reconsideration, Plaintiff requested a hearing. On January 4, 2006, a hearing was held before an ALJ to review determination of Plaintiff's claim. [Tr. 15]. On May 22, 2006, the ALJ found that Plaintiff was not disabled. The Appeals Council denied

Plaintiff's request for review; thus the decision of the ALJ became the final decision of the Commissioner. The Plaintiff now seeks judicial review of the Commissioner's decision.

I.  **ALJ Findings**

> The ALJ made the following findings:
>
> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.
>
> 2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).
>
> 3. The claimant has the following severe impairments: recurrent herniation at L5-S1, mixed pain disorder, status post carpal tunnel release, mechanical neck pain (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work activity, lifting 10 pounds, standing and/or walking for two hours in an eight-hour day, and sitting for six hours in an eight-hour day.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on June 23, 1959 and was 44 years old on the alleged disability onset date, which is defined as a younger individual (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

2

> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).
>
> 11. The claimant has not been under a "disability," as defined in the Social Security Act, from October 2, 2003 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 17-20].

## II. Disability Eligibility

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if their physical or mental impairment or impairments are of such severity that the individual is not only unable to do their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which the individual lives, or whether a specific job vacancy exists for the individual, or whether the individual would be hired upon application for the work. 42 U.S.C. § 1382c(a)(3)(B).

3

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, the impairment must be severe before he or she can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and the impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent doing his or her past relevant work, the claimant is not disabled.
>
> 5. Even if claimant's impairment does prevent doing his or her past relevant work, if other work exists in the national economy that accommodates his or her residual functional capacity and vocational factors (age, education, skills, etc.), the claimant is not disabled.

See Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The Plaintiff bears the burden of proof at the first four steps. Id. at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work avaliable in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6 th Cir. 1999) (citing Bown v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. Standard of Review

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r

4

of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec. of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

**IV.     Analysis**

On appeal, the Plaintiff argues that substantial evidence does not support the ALJ's disability determination. The Plaintiff contends the ALJ erred by: (A) finding that the Plaintiff did not meet the criteria for impairment contained in 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 1.04 and (B) finding that the Plaintiff was capable of making a successful adjustment to other work that is available in the national economy based upon 20 C.F.R. Part 404, Subpart P, Appendix 2. [Doc. 7]. The Commissioner, in response, contends substantial evidence supports both of these findings by the ALJ. [Doc. 11].

*A.     Impairment Under 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 1.04*

In the third step of the sequential analysis, the claimant will be presumed to be disabled without further inquiry, if: (1) he or she is not doing substantial gainful activity; (2) he or she is

5

suffering from a severe impairment that has lasted for a continuous period of at least twelve months and (3) the impairment meets or equals a listed impairment. See Walters, 127 F.3d at 529. The impairments to be considered in the third step are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. In the present case, the Plaintiff claims that she meets the criteria for the impairment contained in Listing 1.04.

Listing 1.04 is as follows:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1. In order to prove impairment under Listing 1.04, the Plaintiff must first demonstrate that she has a disorder of the spine that results in compromise of a nerve root. In addition, the Plaintiff must prove that she has one of the three other symptoms described in

6

subsections A, B, and C.

In the present case, the ALJ found that the Plaintiff did not prove even the threshold criteria for Listing 1.04—the spine disorder resulting in compromise of a nerve root. The ALJ explained that "while there is evidence of recurrent herniation, the claimant does not have the compromise of nerve root or the spinal cord which is required by the listing." [Tr.17-18]. The ALJ based his finding on the fact that the Plaintiff's MRI [Tr. 167] showed "only mild neural foraminal encroachment." [Tr. 18.]

The Plaintiff points out that in a June 4, 2003, dictation entry, Dr. Albert Davis ("Dr. Davis"), Plaintiff's treating physician and surgeon, states that after reviewing the MRI conducted by Dr. Kenneth Pryor ("Dr. Pryor"), he agrees with "the radiological report that there is a recurrent HNP [herniated nucleus pulposus] at L5/S1 on the left compressing on the left S1 nerve root." [Tr. 168]. The Plaintiff argues that this compression should be equated to "compromise of a nerve root or the spinal cord," and therefore, would fulfill the threshold requirement of Listing 1.04.

The Court finds that the Plaintiff's reading of the dictation entry is misplaced. In the entry, Dr. Davis agrees with the radiological report [Tr. 167] by Dr. Pryor, which plainly states, "Again there is degenerative disc disease at L2-3 and L4-5 with disc desiccation and mild disc space narrowing, slight disc bulge without significant compromise of the spinal cord. Moderate facet arthropathy L3-4 and L4-5 and again results in mild front/back foraminal stenosis." [Tr. 167]. Dr. Pryor's report, as endorsed by Dr. Davis, directly supports the ALJ's conclusion that, while the Plaintiff has HNP, there is no compromise of the nerve root or spinal cord. Therefore, the Court finds that the ALJ's determination that the Plaintiff had no compromise of the nerve or spinal cord is supported by substantial evidence.

7

Because compromise of a nerve root or the spinal cord is a threshold requirement for finding an impairment under Listing 1.04, the ALJ's conclusion that the Plaintiff did not meet the requirements of Listing 1.04 is supported by substantial evidence, and review of the additional criteria for impairment contained in Listing 1.04 subsections A, B, and C is unnecessary.

B.  *Plaintiff's Ability to Perform Work That Exists in the National Economy and Accommodates Her Residual Functional Capacity As Determined Using 20 C.F.R. Part 404, Subpart P, Appendix 2*

After the ALJ found at step three that the Plaintiff was not disabled under Listing 1.04, the ALJ moved to step four and five of the sequential evaluation. At step four, the ALJ found the Plaintiff is unable to perform any past relevant work. [Tr. 19]. The Plaintiff claims that the ALJ erroneously relied on Medical-Vocational Rule , 20 C.F.R. Part 404, Subpart P, Appendix 2, ("the Grid") to defeat the Plaintiff's claim at step five. Specifically, the Plaintiff contends that the use of the Medical-Vocation Rule was not appropriate because the Plaintiff was not able to perform all or substantially all of the exertional demands of sedentary work.

Within 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 1 contains the grid which directs disability determinations under step five for persons whose residual functional capacity consists of a maximum sustained work capability limited to sedentary work. Within Table No. 1, the grid divides claimants according to their age, education, and skill level. The ALJ determined that the Plaintiff was a "younger individual," under 20 C.F.R. 404.1563 and 416.963, and that she had a "limited education and is able to communicate in English," under 20 C.F.R. 404.1564 and 416.964. [Tr. 20]. Further, the ALJ classified the Plaintiff as an "unskilled" worker. [Tr. 20]. Because she was a younger individual with a limited education who was unskilled, the Plaintiff's disability was determined pursuant to Rule 201.18, which directed a finding that the Plaintiff was

8

not disabled.

The introduction to 20 C.F.R. Part 404, Subpart P, Appendix 2, explains how the Grid will be used and when its directions will be discounted. The introduction states:

> Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled. However, each of these findings of fact is subject to rebuttal and the individual may present evidence to refute such findings. Where any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled. In any instance where a rule does not apply, full consideration must be given to all of the relevant facts of the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations.

20 C.F.R. Pt. 404, Subpt. P, App. 2, Sec. 200.00(a).

The Plaintiff claims that she did not coincide with the criteria of Rule 201.18 because she cannot perform all of the exertional demands of sedentary work. [Doc. 8]. The Social Security Administration defines sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). In her motion, the Plaintiff states that "[i]t is frankly difficult to imagine how an individual such as the Plaintiff with significant limitations on sitting, limitations on lifting overhead, with pushing and pulling, and suffering an ongoing problem with her hands bilaterally, would be capable of full range, or substantially full range, of sedentary work." [Doc. 8 at 6-7]. Even

9

assuming that all the conditions the Plaintiff lists had been proven, the ALJ properly concluded that the Plaintiff would be able to complete sedentary work.

In support of her argument, the Plaintiff directs the Court to records from a consultative examination by Dr. Edward Johnson ("Dr. Johnson") on June 16, 2004. Dr. Johnson concluded that the Plaintiff would have difficulty being employed in any exertional or heavy work activity and should not perform overhead lifting, pushing, pulling, or repetitive bending, stooping, or squatting. But he found that the Plaintiff could occasionally lift 10 to 15 pounds and could sit, stand, or walk for four to six hour intervals with appropriate breaks. [Tr. 257]. All of these restrictions coincide with the exertional demands of sedentary work which entails no heavy lifting, and only occasional walking and standing.

The Plaintiff also claims that her carpal tunnel surgery would prevent her from doing sedentary work and cites the Court to the medical report from her surgery [Doc. 321]. Nothing in the report indicates that the Plaintiff could not complete sedentary work. In more pertinent notes from the Plaintiff's post-operative staple removal, Dr. Davis, Plaintiff's treating physician and surgeon, states that the Plaintiff is healing well. [Doc. 323]. Dr. Davis notes that the only restriction on activity following surgery will be a weight limitation of 10 lbs for lifting in the first month following surgery. [Doc. 323]. Thus, because sedentary work involves lifting no more than 10 pounds at a time, the Plaintiff was able to perform work that fit within the limits of the sedentary work category even within a month of her surgery. Therefore, the Plaintiff's carpal tunnel surgery would not exclude her from completing sedentary work.

10

Based on the foregoing, the Court finds that the ALJ's conclusion that the Plaintiff was not disabled at step five of the sequential evaluation is supported by substantial evidence. The ALJ properly categorized the Plaintiff as a younger person with a limited education who was capable of doing unskilled, sedentary work, and the ALJ properly applied Grid Rule 201.18 to find that the Plaintiff was not disabled.

## V. Conclusion

Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence to determine Plaintiff is not disabled because she does not meet the criteria for a listed impairment and, given her residual function capacity, there is work that exists in significant numbers in the national economy that the Plaintiff is able to perform. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[1] that Plaintiff's Motion For Summary Judgment **[Doc. 7]** be **DENIED** and that the Commissioner's Motion for Summary Judgment **[Doc. 11]** be **GRANTED**.

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).